On Application for Rehearing

MOORE, Judge.
On application for rehearing, Ronnie Lamar Still and Sandra Gilliland (“the contestants”) argue that this court erred in concluding that they had failed to argue that John L. Still (hereinafter referred to as “Still”) lacked the capacity to make the inter vivos transfers at issue in this case.
Specifically, the contestants first argue that they substantially complied with Rule 28, Ala. R.App. P., by “cit[ing] the Court to appropriate parts of the record, authorities and argument in support of their contention that the trust and deed in this case should be set aside” and by arguing in their brief to this court that Still did not have capacity with regard to all the documents at issue — the will, the trust documents, and the deed transferring title to Still’s house to the trust. They cite four specific parts of their brief on original submission to this court, in which they referenced the trust or “the documents” in their argument regarding capacity.
The contestants next argue that they used the term “testamentary capacity” in their brief on original submission when *856 referring to Still’s capacity to execute the will, the trust documents, and the deed because “all the documents were prepared and signed in furtherance of [Still’s] general testamentary scheme.” Citing secondary sources, they argue further that a revocable trust, such as the one in the present case, is a testamentary trust. They also point out that the legal standard for capacity to execute a deed (which they did not set forth in their brief on original submission to this court) is one of- the elements of the legal standard for capacity to execute a will.
The contestants further argue that, because the will contains a “pour-over” provision to the trust, the will, the trust, and the deed are so intertwined that to set aside one without setting aside the- others would frustrate the positions and goals of both parties. They also argue that the facts and arguments regarding Still’s capacity are the same for the will, the trust documents, and the deed and that the parties and the trial court considered all the documents together throughout the litigation.
Having considered all the contestants’ arguments on rehearing, we conclude that their application for rehearing is due to be overruled. Our supreme court held in Queen v. Belcher, 888 So.2d 472, 477 (Ala.2003), and reiterated in Belcher v. Queen, 39 So.3d 1023, 1038 (Ala.2009), that “[a] trust agreement is an inter vivos conveyance of property, and is, therefore, subject to the [competency] standard governing conveyances” as opposed to the standard for capacity governing wills. In the contestants’ original brief to this court, they failed to cite caselaw governing the capacity required to make the inter vivos transfers evidenced by the trust documents and the deed in violation of Rule 28, Ala. R. App. P. Thus, this court properly declined to consider any argument that Still lacked the capacity to execute the trust documents or to effectuate the inter vivos transfer by deed of title to Still’s house to the trust. City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998) (“When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research.”).
APPLICATION FOR REHEARING OVERRULED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.